UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cr-20475-JLK/Becerra

UNITED STATES OF AMERICA,

v.

HAROLD HABER and
HENRY HABER, JR.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION FOLLOWING *GARCIA* HEARING**

**THIS CAUSE** came before the Court upon Defendants Harold Haber and Henry Haber, Jr.'s ("Defendants") unopposed Notice of Potential Conflict of Interest in Dual Representation and Request for *Garcia* Hearing (the "Motion"). ECF No. [11]. On October 20, 2021, the Honorable James Lawrence King, United States District Judge, referred the Motion to the undersigned. ECF No. [12]. On October 28, 2021, the undersigned held a hearing, pursuant to Federal Rule of Criminal Procedure 44(c) and *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), to inquire into the propriety of co-Defendants Harold Haber and Henry Haber, Jr. being represented by the same counsel, Juan D. Berrio, Esq. ECF Nos. [14], [16].

As an initial matter, the Court advised Defendants of the right to appear at the hearing in person. Defendants waived the right to appear in person. Defendants, Defendants' attorney, and the Assistant United States Attorney all consented to proceed by videoconference. Pursuant to the Administrative Orders of this Court, specifically, including, 2020-76, 2020-53, 2020-41, 2020-33, 2020-24, 2020-21, 2020-18, 2020-23, 2021-12, 2021-33, and 2021-50, the hearing was conducted by videoconference which was the means reasonably available.

The hearing was attended by the Government, counsel for Defendants Juan D. Berrio, and Defendants Harold Haber and Henry Haber, Jr. At the hearing, the Court made a detailed inquiry of both Defendants. For the reasons stated at the hearing, which the Court incorporates herein, the Court found that both Defendants knowingly, voluntarily, and intelligently waived their right to conflict-free counsel. The Court further found, and counsel agreed, that no actual conflict of interest exists at this time as a result of Juan D. Berrio's joint representation of Defendants Harold Haber and Henry Haber, Jr. A written waiver was not available at the time of the hearing, but Defendants indicated their intent to submit to the Court written waivers of their right to conflict-free counsel. Because a written waiver had not yet been submitted, the Court advised that it would proceed to rule on the Motion by Report and Recommendation and not by Order, to allow Defendants time to submit their written waiver which could then be considered by the District Court before considering this Report.

Accordingly, it is **RECOMMENDED** that, following the filing of Defendants' written waiver, the Court enter an Order finding that no conflict of interest exists due to the joint representation of Defendants Harold Haber and Henry Haber, Jr., and that Defendants have knowingly, voluntarily, and intelligently waived their right to conflict-free counsel. The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to

challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.  *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on October 29, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE